UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.

ROBERT CONYERS JR., as Personal Representative
of the Estate of DAVON GILLIANS,

    Plaintiff,

v.

KATHY LANE, OFFICER AYERS,
OFFICER BOSTIC, OFFICER PERKINS,
OFFICER MOREY, OFFICER KITCHEN, and
OFFICER KIRKENALL,

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, ROBERT CONYERS JR., as Personal Representative of the Estate of DAVON GILLIANS, sues the Defendants, KATHY LANE, OFFICER AYERS, OFFICER BOSTIC, OFFICER PERKINS, OFFICER MOREY, OFFICER KITCHEN, and OFFICER KIRKENALL, and alleges as follows:

1. This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1972). The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 2201.

2. Venue is proper in this Court because the events giving rise to the claims occurred within this district, as set forth below.

3. Plaintiff ROBERT CONYERS JR. is the surviving father of DAVON GILLIANS and was appointed Personal Representative of the Estate of DAVON GILLIANS.

4. At all times material hereto, DAVON GILLIANS, age 22 was incarcerated at Federal Correctional Institution Coleman ("Coleman") in Sumter County, Florida. He was scheduled to be released from prison in the year 2022.

5. At all times material hereto, Defendant OFFICER AYERS, was and is a resident and citizen of Florida working as a corrections officer at Coleman.

6. At all times material hereto, Defendant OFFICER PERKINS, was and is a resident and citizen of Florida working as a corrections officer at Coleman.

7. At all times material hereto, Defendant KATHY LANE, was and is a resident and citizen of Florida working as Warden at Coleman.

8. At all times material hereto, Defendant OFFICER BOSTIC, was and is a resident and citizen of Florida working as a corrections officer at Coleman.

9. At all times material hereto, Defendant OFFICER KITCHEN, was and is a resident and citizen of Florida working as a corrections officer at Coleman. He is believed to be a lieutenant.

10. At all times material hereto, Defendant OFFICER MOREY, was and is a resident and citizen of Florida working as a corrections officer at Coleman.

11. At all times material hereto, Defendant OFFICER KIRKENALL, was and is a resident and citizen of Florida working as a corrections officer at Coleman.

12. DAVON GILLIANS suffered from sickle cell disease requiring daily prescription medication.

13. Defendants knew that DAVON GILLIANS suffered from sickle cell disease and that his condition required medication.

14. On or about May 16, 2021, for unknown reasons, Defendant AYERS, Defendant MOREY, and other officers physically removed DAVON GILLIANS from his cell with handcuffs locked behind his back. At no time did DAVON GILLIANS offer any resistance to the removal.

15. Despite being compliant, Defendant AYERS physically assaulted DAVON GILLIANS, including by punching him and ultimately choking him causing a brief loss of consciousness.

16. Defendant AYERS, along with other unknown officer(s), then violently lifted DAVON GILLIANS up from the floor and strapped him in a restraint chair where he would remain in solitary confinement for 24-48 hours.

17. During this period of solitary confinement, DAVON GILLIANS remained strapped into a restraint chair without being provided food, water, or medication.

18. On or about the evening of May 18, 2021, Defendant AYERS, Defendant KITCHEN, Defendant MOREY, Defendant BOSTIC, Defendant KIRKENALL and perhaps other unknown officers, removed DAVON GILLIANS from the restraint chair and escorted him to another cell, that was not DAVON GILLIANS' assigned cell.

19. An inmate, believed to be known as "Cleveland", resided in the Unit B Range in a single cell due to his mental health issues and propensity for violence. On information and believe, Coleman officers were instructed not to place any inmates in a cell with "Cleveland."

20. Despite this directive, Defendant BOSTIC, Defendant KITCHEN, Defendant MOREY, Defendant KIRKENALL, Defendant BOSTIC, and perhaps other unknown officers deliberately placed DAVON GILLIANS in a cell with inmate Cleveland as a punitive measure.

21. On information and belief, it was custom and/or practice at Coleman for officers to place inmates in particular cells for the purpose of inciting violence as a form of punishment.

22. Immediately thereafter, as was intended by the above-named Defendants, inmate Cleveland began fighting with DAVON GILLIANS.

23. Rather than intervene, the above-named Defendants deliberately allowed the fight to persist for an extended period of time to ensure that DAVON GILLIANS would be injured.

24. After several minutes of fighting, Defendant KITCHEN, Defendant MOREY, Defendant BOSTIC, Defendant KIRKENALL, and perhaps other unknown officers used large amounts of pepper spray in an attempt to extract DAVON GILLIANS and Cleveland from the cell.

25. Cleveland was removed from the cell, but DAVON GILLIANS was unable to exit the cell under his own will.

26. Defendant BOSTIC, Defendant KITCHEN, Defendant MOREY, Defendant KIRKENALL, and perhaps other unknown officers entered the cell, assaulted DAVON GILLIANS, and lifted him by his arms and legs out of the cell.

27. DAVON GILLIANS was in clear medical distress and continued to ask for water, but this request was denied. Defendant BOSTIC, Defendant KITCHEN, Defendant MOREY, Defendant KIRKENALL, and perhaps other unknown officers intentionally withheld food, water, medical attention, and medication from DAVON GILLIANS despite his condition.

28. Instead, Defendant BOSTIC, Defendant KITCHEN, Defendant MOREY, Defendant KIRKENALL, and perhaps other unknown officers then escorted DAVON GILLIANS back to solitary confinement and once again placed him in the restraint chair without food, water, or medical attention despite his deteriorating condition.

29. On information and belief, at Coleman, officers frequently utilized a restraint chair as a form of punishment in a manner that constitutes violation of inmates' Eighth Amendment rights. The restraint chair is placed in a holding cell, facing a wall and includes straps and shackles

tightened to the point of causing pain and scarring. The inmate is purposefully placed in an uncomfortable position; the restraint chair is tilted backwards and there is no neck or head support. While inmates are in the restraint chair, the custom and practice at Coleman is to withhold food, water, medication, and medical attention from the inmate being restrained. The custom and practice at Coleman is to keep inmates in the restraint chair for such extended periods of time that they end up urinating and/or defecating on themselves. Upon being released from the restraint chair, the inmate is then required to clear the chair and surrounding area. The use of the restraint chair continued for an extensive period of time and was rampant at the facility. At least one officer at Coleman had gloated that he once placed an inmate in the restraint chair for over eighty hours and was intent on "breaking that record." Use, or threatened use, of "the chair" as it was referred to by the officers at Coleman, was done to threaten, carry out retribution, or otherwise to simply subject inmates to cruel and usual punishment.

30. The use of the restraint chair in the manner described above is utilized by Coleman officers in manner that is persistent, pervasive, and widespread, and was known by Defendant LANE.

31. DAVON GILLIANS was subjected to these policies, practices, or customs of Coleman and he remained restrained for an extended period of time.

32. During the time he was restrained, DAVON GILLIANS was denied food, water, medication, adequate medical attention, and the use of the bathroom.

33. DAVON GILLIANS' condition worsened, and inmates could hear him pleading for food, and stating that he could not feel his legs, had urinated on himself, and was concerned he was going to die.

34. Defendant AYERS, Defendant BOSTIC, and other officers knew that DAVON GILLIANS was in distress and his condition was deteriorating. They also knew that he was being denied food, water, medication, and medical attention and had been restrained for a prolonged period of time.

35. In the late hours of May 18, 2021, and/or early hours of May 19, 2021, while still strapped in a restraint chair, DAVON GILLIANS suffered a further decline in medical status and was ultimately rushed to the emergency room at Leesburg Hospital.

36. Shortly thereafter he was pronounced dead.

37. The manner of DAVON GILLIANS' death was determined to be "homicide" and the cause of DAVON GILLIANS' death was determined to be a vaso-occlusive crisis complicated by oleoresin capsicum (pepper spray) use and prolonged restraint following altercation.

38. Two autopsies were performed on DAVON GILLIANS. The results from the first autopsy were utilized by the medical examiner to certify the case of death referenced above. However, the autopsy report, photographs, and pathology are not being made available to DAVON GILLIANS' next of kin and the Personal Representative of his Estate on the basis of an "ongoing criminal investigation."

39. A second, private autopsy performed on DAVON GILLIANS revealed abrasions to his arm and chest, soft tissue hemorrhage in the chest and neck, bilateral scleral hemorrhages, contusions within the right side of the chest wall, hemorrhages extending into the bilateral sternocleidomastoid muscles. The autopsy also revealed hemorrhages in the chest, neck and eyes consistent with a restraint event as described in the death certificate.

## COUNT I
## DEFENDANT AYERS' VIOLATION OF GILLIANS' EIGHTH AMENDMENT RIGHTS

Plaintiff realleges paragraph 1 through 39 and further alleges as follows:

40. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

41. Defendant AYERS violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

42. Defendant AYERS knew that DAVON GILLIANS suffered from a medical condition.

43. Defendant AYERS intentionally placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

44. Defendant AYERS withheld the provision of adequate water, food, hygiene, and medical attention from DAVON GILLIANS. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

45. Defendant AYERS knew that other officers had intentionally placed DAVON GILLIANS into a cell with an inmate known to have a mental health issue and be prone to violence as a punitive measure. He also knew that officers intentionally used excessive amounts of pepper spray on DAVON GILLIANS, and physically beat him in violation of his Eighth Amendment Rights. Nonetheless, Defendant AYERS withheld food, water, medication, and medical attention from DAVON GILLIANS as a further punitive measure.

46. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

47. Defendant AYERS' conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

48. As a direct and proximate cause of Defendant AYERS' deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## COUNT II
## DEFENDANT PERKINS
## VIOLATION OF GILLIANS' EIGHTH AMENDMENT RIGHTS

Plaintiff realleges paragraph 1 through 39 and further alleges as follows:

49. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

50. Defendant PERKINS violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

51. Defendant PERKINS knew that DAVON GILLIANS suffered from a medical condition.

52. Defendant PERKINS intentionally placed DAVON GILLIANS in the restraint chair, or otherwise failed to intervene as others placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

53. Defendant PERKINS intentionally withheld the provision of adequate water, food, hygiene, and medical attention, or otherwise failed to intervene as others withheld water, food, hygiene, and medical attention from DAVON GILLIANS. In doing so, he was deliberately

indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

54. Defendant PERKINS' conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

55. As a direct and proximate cause of Defendant PERKINS deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## COUNT III
## DEFENDANT BOSTIC'S VIOLATION OF
## GILLIANS' EIGHTH AMENDMENT RIIGHTS

Plaintiff realleges paragraph 1 through 39 and further alleges as follows:

56. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

57. Defendant BOSTIC violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

58. Defendant BOSTIC knew that DAVON GILLIANS suffered from a medical condition.

59. Defendant BOSTIC intentionally placed DAVON GILLIANS into a cell with an inmate known to have a mental health issue and be prone to violence as a punitive measure. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

60. Defendant BOSTIC intentionally used excessive amounts of pepper spray on DAVON GILLIANS, and physically beat him in violation of his Eighth Amendment Rights.

61. Defendant BOSTIC intentionally placed DAVON GILLIANS in the restraint chair, or otherwise failed to intervene as others placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

62. Defendant BOSTIC intentionally withheld the provision of adequate water, food, hygiene, medication and medical attention, or otherwise failed to intervene as others withheld water, food, hygiene, medication and medical attention from DAVON GILLIANS. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

63. Defendant BOSTIC's conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

64. As a direct and proximate cause of Defendant BOSTIC's deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

**COUNT IV**
**DEFENDANT KITCHEN'S VIOLATION OF**
**GILLIANS' EIGHTH AMENDMENT RIGHTS**

Plaintiff realleges paragraph 1 through 39 and further alleges as follows:

65. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

66. Defendant KITCHEN violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

67. Defendant KITCHEN knew that DAVON GILLIANS suffered from a medical condition.

68. Defendant KITCHEN intentionally placed DAVON GILLIANS into a cell with an inmate known to have a mental health issue and be prone to violence as a punitive measure. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

69. Defendant KITCHEN intentionally used excessive amounts of pepper spray on DAVON GILLIANS, and physically beat him in violation of his Eighth Amendment Rights.

70. Defendant KITCHEN intentionally placed DAVON GILLIANS in the restraint chair, or otherwise failed to intervene as others placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

71. Defendant KITCHEN intentionally withheld the provision of adequate water, food, hygiene, medication and medical attention, or otherwise failed to intervene as others withheld water, food, hygiene, medication and medical attention from DAVON GILLIANS. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

72. Defendant KITCHEN's conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

73. As a direct and proximate cause of Defendant KITCHEN's deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## COUNT V
## DEFENDANT MOREY'S VIOLATION OF
## GILLIANS' EIGHTH AMENDMENT RIGHTS

Plaintiff realleges paragraphs 1 through 39 and further alleges as follows:

74. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

75. Defendant MOREY violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

76. Defendant MOREY knew that DAVON GILLIANS suffered from a medical condition.

77. Defendant MOREY intentionally placed DAVON GILLIANS into a cell with an inmate known to have a mental health issue and be prone to violence as a punitive measure. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

78. Defendant MOREY intentionally used excessive amounts of pepper spray on DAVON GILLIANS, and physically beat him in violation of his Eighth Amendment Rights.

79. Defendant MOREY intentionally placed DAVON GILLIANS in the restraint chair, or otherwise failed to intervene as others placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

80. Defendant MOREY intentionally withheld the provision of adequate water, food, hygiene, medication and medical attention, or otherwise failed to intervene as others withheld water, food, hygiene, medication and medical attention from DAVON GILLIANS. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

81. Defendant MOREY's conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

82. As a direct and proximate cause of Defendant MOREY's deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## COUNT VI
### DEFENDANT KIRKENALL'S VIOLATION OF GILLIANS' EIGHTH AMENDMENT RIGHTS

Plaintiff realleges paragraphs 1 through 39 and further alleges as follows:

83. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

84. Defendant KIRKENALL violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

85. Defendant KIRKENALL knew that DAVON GILLIANS suffered from a medical condition.

86. Defendant KIRKENALL intentionally placed DAVON GILLIANS into a cell with an inmate known to have a mental health issue and be prone to violence as a punitive measure. In

doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

87. Defendant KIRKENALL intentionally used excessive amounts of pepper spray on DAVON GILLIANS, and physically beat him in violation of his Eighth Amendment Rights.

88. Defendant KIRKENALL intentionally placed DAVON GILLIANS in the restraint chair, or otherwise failed to intervene as others placed DAVON GILLIANS in the restraint chair for a dangerous and prolonged period of time and despite his medical condition and injuries. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

89. Defendant KIRKENALL intentionally withheld the provision of adequate water, food, hygiene, medication and medical attention, or otherwise failed to intervene as others withheld water, food, hygiene, medication and medical attention from DAVON GILLIANS. In doing so, he was deliberately indifferent in a manner that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment Rights.

90. Defendant KIRKENALL's conduct was of a gross and flagrant character, suggestive of a reckless disregard human life or safety, and/or complete lack of care suggesting indifference to consequences, there by entitling Plaintiff to punitive damages.

91. As a direct and proximate cause of Defendant KIRKENALL's deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## COUNT VII
## **DEFENDANT LANE'S VIOLATION OF GILLIANS' EIGHTH AMENDMENT RIGHTS**

Plaintiff realleges paragraph 1 through 39 and further alleges as follows:

92. Pursuant to the Eighth Amendment, DAVON GILLIANS had a constitutional right to be free from cruel and unusual punishment.

93. Defendant LANE violated DAVON GILLIANS' constitutional right to be free from cruel and unusual punishment and is liable personally for this violation.

94. As Warden of Coleman, Defendant LANE was responsible for setting policy, and directing the governance, discipline and policy of Coleman, and enforcing its orders, rules, and regulations.

95. Defendant LANE was personally aware of a history and culture of widespread abuse and deliberate indifferent treatment by Coleman officers.

96. Defendant LANE was personally aware of the custom and practice of punishing inmates by placing them with specific inmates for the sole purpose of inciting violence.

97. Defendant LANE was personally aware of the custom and practice utilized at Coleman of punishing inmates by placing them in the restraint chair for dangerously prolonged periods of time and withholding food, water, use of the bathroom, medication and medical treatment.

98. Despite being so aware, LANE was deliberately indifferent to the policies, customs, and practices as Coleman that increased the known risk of serious harm and death in violation of DAVON GILLIANS' Eighth Amendment rights.

99. Defendant LANE was deliberately indifferent when she:
   a. Failed to stop the custom, or practice of disciplining and punishing inmates at Coleman by placing them with other inmates for the sole purpose of inciting violence;

15

- b. Failed to stop the custom or practice of Coleman officers of placing disciplining and punishing inmates by utilizing restraint chairs in inhumane ways including for prolonged, dangerous, and unreasonable lengths of time;

- c. Failing to remedy the policies, practices, and/or customs of the Coleman officers which resulted in DAVON GILLIANS being placed in a cell with an inmate known to be prone to violence and mental health episodes, being beaten, and being placed in the restraint chair for a prolonged, dangerous and unreasonable lengths of time;

- d. Failing to remedy the policies, practices, and/or customs of the Coleman officers of withholding food, water, medication, and use of the bathroom to inmates placed in restraint chair for prolonged, dangerous, and unreasonable lengths of time.

100. Defendant LANE's conduct was of a gross and flagrant character, suggestive of a reckless disregard of human life or safety, and/or a complete lack of care suggesting indifference to the consequences, thereby entitling Plaintiff to punitive damages.

101. As a direct and proximate cause of Defendant LANE's deliberate indifference, DAVON GILLIANS suffered harm and died in violation of his Eighth Amendment rights and Plaintiff was caused to suffer the damages described below.

## **DAMAGES**

Plaintiff realleges paragraphs 1 through 101 and further alleges as follows:

102. Plaintiff is entitled to and seeks recovery of the following damages:

- a. On behalf of Robert Conyers Jr., father of DAVON GILLIANS, mental pain and suffering;

b. On behalf of Shanika Gillians, mother of DAVON GILLIANS, mental pain and suffering;

c. Medical or funeral expenses due to the decedent's injury or death that have become a charge against her or his estate or that were paid by or on behalf of decedent;

d. On behalf of the Estate of DAVON GILLIANS, loss of prospective net accumulations of DAVON GILLIANS' estate which would have been reasonably expected but for his wrongful death.

103. Punitive damages against all Defendants.

WHEREFORE, the Plaintiff ROBERT CONYERS JR., as Personal Representative of the Estate of DAVON GILLIANS, demands judgment against the Defendants and all other relief deemed just and proper under the circumstances, and requests trial by jury of all issues triable as of right by jury.

Dated: February 28, 2022

STEWART TILGHMAN FOX BIANCHI & CAIN, P.A.

Attorneys for Plaintiffs
One Southeast Third Avenue
Suite 3000
Miami, Florida 33131
305-358-6644 – Telephone
305-358-4707 – Facsimile

_____
MICHAEL LEVINE
Florida Bar No. 107363
STEPHEN F. CAIN
Florida Bar No. 425419

&

THE PEPER LAW FIRM, PA
Attorney for Plaintiff
548 Savannah Highway
Charleston, South Carolina 29407
MARK A. PEPER
*Pro Hac Pending*