UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| ROBERT CONYERS JR., ) | | |
| as Personal Representative of ) | | |
| the Estate of DAVON GILLIANS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 5:22-cv-115-TPB-PRL | |
| ) | | |
| BRYAN ANTONELLI, ) | | |
| OFFICER AYERS, ) | | |
| OFFICER PERKINS, ) | | |
| OFFICER MOREY, ) | | |
| OFFICER KITCHEN, and ) | | |
| OFFICER KIRKENALL ) | | |
| ) | | |
| Defendants. ) | | |

DEFENDANTS' MOTION TO STAY THE CASE MANAGEMENT CONFERENCE
AND FILING OF THE CASE MANAGEMENT REPORT AND ALL DISCOVERY
PENDING A QUALIFIED IMMUNITY RULING

COME NOW Defendants Antonelli, Ayers, Perkins, Morey, Kitchen, and Kirkenall, to request a stay of the case management conference and filing of the case management report, and all discovery and related pretrial proceedings, until after resolution of their dispositive motions addressing the claims in the first amended complaint. Defendants have filed dispositive motions in this case, each raising the defense of qualified immunity. Plaintiff has since filed responsive motions in opposition.

The Supreme Court has repeatedly held that lower courts must resolve the threshold legal question of qualified immunity before subjecting government

officials to discovery. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Hunter v. Bryant,* 502 U.S. 224, 227 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). These decisions establish that a stay of discovery, including any participation in a case management conference and filing of a case management report, is warranted until this Court resolves the upcoming dispositive motions. Indeed, participation in the case management conference alone will require consultation with the Individual Defendants, thereby negating the ample protection qualified immunity affords. Counsel have conferred under Local Rule 3.01(g). All Defendants join in this motion. Plaintiff opposes.

I. PROCEDURAL BACKGROUND

Defendants filed dispositive motions in this case, with the Individual Defendants each raising the defense of qualified immunity. (ECF 34, 35, 36, 37, 38, 40 ). In response, the Plaintiff filed motions in opposition. (ECF 39, 41, 42, 43, 44, 45). Under the Federal Rules of Civil Procedure, the case management report will trigger the commencement of discovery, including the deadline for the exchange of initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C), 26(d).

II. ARGUMENT

In their dispositive motions, the Individual Defendants raised the defense of qualified immunity. Qualified immunity is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The

Supreme Court has repeatedly emphasized this point, explaining that qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations and citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citation omitted). The Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); and has made clear that resolution should occur before permitting discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Simply put, participation in discovery is one of the chief burdens against which qualified immunity is designed to protect. *See Iqbal*, 556 U.S. at 686 (stating that the protection from even "minimally intrusive discovery" gives "real content to the concept of qualified immunity"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) ("One of the purposes of the qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be

'peculiarly disruptive of effective government.'") (citation omitted). That is because individual-capacity suits "can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson*, 483 U.S. at 638; *see also Iqbal*, 556 U.S. at 685 (participating in litigation, including discovery, requires a "substantial diversion" from a government official's "proper execution of the work of the Government"). Thus, "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (internal quotations and citations omitted) (emphasis added). That protection is lost when officials must participate in discovery bearing on the merits of a claim that ultimately fails to show a violation of clearly established law.

The Eleventh Circuit has recognized that "[t]he defense of . . . qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1252 (11th Cir. 2004). Elsewhere, the court noted that "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Holmes v. Hale,* 701 F. App'x 751, 756 (11th Cir. 2017) (citation omitted) (emphasis added).[1] It is no

---

[1] *See also Carter v. Dekalb Cty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (unless plaintiff has alleged violation of clearly established law, defendant is entitled to dismissal *before* the commencement of discovery); *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) ("[S]ubjecting officials to

4

surprise then that district courts within the Eleventh Circuit routinely grants motions to stay discovery until after the court has had an opportunity to decide a threshold motion raising qualified immunity.[2] As one district court stated, if discovery is allowed on claims subject to dismissal based on qualified-immunity, "both parties would have wasted time and resources pursuing discovery." *Rankin v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 616-147, 2017 U.S. Dist. LEXIS 17965, *5 (S.D. Ga. Feb. 8, 2017). Thus, that court found it necessary to stay discovery until it resolved the dispositive motion "[t]o preserve the full protection conferred by qualified immunity." *Id*. Precedent compels the same result here.

Indeed, under the Federal Rules of Civil Procedure, the case management report will trigger the commencement of discovery, including the deadline for the exchange of initial disclosures. See Fed. R. Civ. P. 26(a)(1)(C), 26(d). And as the Ninth Circuit has explained, initial disclosures are a subset of discovery and the time and expense they require creates burdens similar to those created by other

---

traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford."); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524(11th Cir. 1994) (finding that the district court properly stayed discovery until it decided qualified- immunity issue).

[2] *See, e.g., Harrington v. Wells,* No. 213-103, 2014 U.S. Dist. LEXIS 115333, *8 (S.D. Ga. Aug. 19, 2014) ("[W]hen a government official claims a defense of qualified immunity, it is appropriate for the district court to stay discovery pending a decision on that defense."); *McClamma v. Remon*, No. 12-2557, 2013 U.S. Dist. LEXIS 53075, *4 (M.D. Fla. Apr. 12, 2013) ("[T]he Court finds good cause to stay discovery until the threshold questions of immunity are resolved."); *Bowen v. Office of Gen. Counsel,* No. 12-1375, 2013 U.S. Dist. LEXIS 35284, *4-5 (M.D. Fla. Mar. 14, 2013) (staying discovery until court first resolved qualified-immunity issue even where government official filed only partial motion to dismiss); *Chambliss v. Buckner*, No. 10-213, 2010 U.S. Dist. LEXIS 117322, *15 (M.D. Ala. Nov. 3, 2010) ("[A] stay of discovery is warranted until the immunity issue is resolved."; *Almond v. City of Jacksonville*, 2008 WL 2704426, *3 (M.D. Fla. July 8, 2008)(discovery stayed until qualified immunity resolved); *Land v. James*, 2021 WL 3268951, *2 (M.D. Fla.  July, 30 2021)(granting motion to stay discovery until qualified immunity decided);; *JERMC, Ltd. v. City of Reddington Shores*, 2020 WL 2850144, *2 (M.D. Fla. June 2, 2020) (good cause to stay discovery pending qualified immunity determination); *Rich v. City of Jacksonville*, 2010 WL 1141556, *1 (M.D. Fla. March 23, 2010)(discovery stayed pending qualified immunity determination).

types of discovery. *Medhekar v.U.S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996). Even participation in the case management conference alone, as well as the filing of a case management report and discovery plan, will require consultation with the Individual Defendants, thereby negating the very protections qualified immunity affords. *See Greve v. Bass,* No. 16-372, 2017 U.S. Dist. LEXIS 11595, *2-3 (M.D. Tenn. Jan. 27, 2017 (11th Cir. 1994) (finding that the district court properly stayed discovery until it decided qualified- immunity issue). *Travelers Indem. Co. v. Forrest Cty.,* No. 14-22, 2016 U.S. Dist. LEXIS 89513, *27-28 (S.D. Miss. July 11, 2016) (previously staying CMC deadline until court resolved qualified immunity defense).

Even beyond resolution of the qualified-immunity defenses, a stay of discovery is warranted. The Eleventh Circuit has recognized that "challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997); *See also Lopez v. United States*, 656 F. App'x 957, 963 (11th Cir. 2016) (same). As the Eleventh Circuit explained:

> "If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope

6

of discovery should be eliminated before the discovery stage, if possible." *Chudasama*, 123 F.3d at 1368.

Here, if this Court's grants the dispositive motions, the Individual Defendants will each be dismissed from this lawsuit thereby ending the case against them. Even if this Court denies the upcoming dispositive motions, in part, it could have a substantial impact on how this case proceeds, what parties and claims remain, and what discovery might be necessary moving forward, likely necessitating amendments to a prematurely filed case management report. That the Individual Defendants raise the important defense of qualified immunity only amplifies the need for this Court to rule on the upcoming dispositive motions before requiring the parties to participate in a case management conference, file a case management report, or initiate the discovery process.

### III.   CONCLUSION

For these reasons, Defendants respectfully request this Court stay the case management conference and filing of the case management report, and all discovery and related pretrial proceedings until it has ruled on their upcoming dispositive motions.

This 12th day of December, 2022.

                         Respectfully submitted,

                         */s/ Dan Eckhart,*
                         Dan Eckhart, ESQ.
                         Florida Bar No. 488674
                         Dan Eckhart Law
                         200 East Robinson Street, Suite 1150
                         Orlando, Florida 32801
                         Telephone: 407-276-0500
                         Email: dan@daneckhartlaw.com
                         Attorney for Defendant Perkins

                         /s/ Andrew C. Searle
                         ANDREW C. SEARLE, ESQ.
                         Florida Bar No. 0116461
                         200 East Robinson Street, Suite 1150
                         Orlando, Florida 32801
                         Telephone: 407-203-3715
                         Email: andrew@searle-law.com
                         Attorney for Bryan Antonelli

                         /s/ Todd Foster
                         TODD FOSTER
                         Florida Bar No.: 0325198
                         tfoster@tfosterlawgroup.com
                         TODD FOSTER LAW GROUP
                         601 Bayshore Blvd. Suite 615
                         Tampa, FL 33606
                         Telephone: (813) 565-0600
                         Attorney for Officer Kirkenall

                         /s/ Kevin Darken
                         KEVIN DARKEN
                         Florida Bar No.: 90956
                         kdarken@tfosterlawgroup.com
                         TODD FOSTER LAW GROUP
                         601 Bayshore Blvd. Suite 615
                         Tampa, FL 33606
                         Telephone: (813) 565-0600
                         Attorney for Officer Kirkenall

/s/ Melissa Snyder
MELISSA SNYDER
Florida Bar No.: 1025759
msnyder@tfosterlawgroup.com
TODD FOSTER LAW GROUP
601 Bayshore Blvd. Suite 615
Tampa, FL 33606
Telephone: (813) 565-0600
Attorney for Officer Kirkenall

/s/ Joshua D. Zelman
Joshua D. Zelman, B.C.S.
Florida Bar No. 0662291
1030 E. Lafayette Street, Suite 9
Tallahassee, Florida 32301
Phone: (850) 765-5948
Fax: (850) 999-4952
Josh@ZelmanPA.com
Eservice@ZelmanPA.com
Attorney for Nicholas Morey

/s/ Ethan Andrew Way
Ethan Andrew Way, B.C.S.
Florida Bar Number: 148199
Post Office Box 10017
Tallahassee, Florida 32302
Tel:     (850) 412-0142
 Fax:    (888) 274-7988
 e-mail: ethan@waylawfirm.com
 Counsel for David Ayers, IV

## LOCAL RULE 301(g) CERTIFICATION

The undersigned conferred with opposing counsel and he opposes this motion.

/s/ Dan Eckhart
**Dan Eckhart, Esq.**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on December 12, 2022.

/s/ *Dan Eckhart*
**Dan Eckhart, Esq.**