UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No. 5:22-CV-115

ROBERT CONYERS JR., as Personal Representative
of the Estate of DAVON GILLIANS,

    Plaintiff,

v.

BRYAN ANTONELLI, OFFICER AYERS,
OFFICER PERKINS, OFFICER MOREY,
OFFICER KITCHEN, and
OFFICER KIRKENALL,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY THE CASE MANAGEMENT CONFERENCE AND FILING OF THE CASE MANAGEMENT REPORT AND ALL DISCOVERY PENDING A QUALIFIED IMMUNITY RULING**

Plaintiff ROBERT CONYERS JR., as Personal Representative of the Estate of Davon Gillians files this Response in Opposition to Defendants' Motion to Stay the Case Management Conference and Filing of the Case Management Report and All Discovery and in support states as follows:

**I.    INTRODUCTION**

This matter arises out of the wrongful death of Davon Gillians. Mr. Gillians a 22 years old inmate at United States Penitentiary Coleman and was scheduled to be released in the year 2022. He suffered from sickle cell disease which required medication. Unfortunately, he died on May 19, 2021. Mr. Gillians' death was deemed a "homicide" and the medical examiner determined that the cause of death was a vaso-occlusive crisis, which is a known complication of sickle cell disease. She further determined that the death was also caused by a prolonged restraint, exacerbating Mr. Gillians' sickle cell disease. In the two days leading up to his death, Mr. Gillians was placed in a restraint chair for over 40 hours. He was denied food, water, and medication

1

despite his deteriorating and concerning medical condition. Ultimately, he suffered an arrest before being rushed to a local emergency room where he was pronounced dead.

Plaintiff alleged *Bivens* actions against the individually named Defendants. The Defendants moved to dismiss on various grounds including qualified immunity. Defendants' motion argues that by raising qualified immunity—and simply moving to dismiss the case—all discovery must be stayed and the Case Management Conference should not be permitted to move forward.

This Court has broad discretion with respect to discovery, including its timing, sequence and scope. Accordingly, rather than stay discovery in its entirety, the Court should allow Plaintiff to conduct discovery relating to the identification of witnesses, other potential defendants, and the Plaintiff's medical condition.

## II.   ARGUMENT

Defendants raise two arguments in support of their motion to stay. Defendants argue that by raising qualified immunity, they cannot be subject to discovery. And Defendants contend that by simply moving to dismiss based upon the sufficiency of allegations, a stay is warranted until the motions to dismiss are ruled upon. First, the concerns raised by the Defendants with respect to qualified immunity could be handled by limiting discovery until the motions to dismiss are ruled upon rather than simply shutting down all discovery. And second, filing a motion to dismiss does not automatically result in a stay of discovery.

With respect to qualified immunity, Defendants state that a number of United States Supreme Court cases "establish that a stay of discovery, including any participation in a case management conference and filing of a case management report, is warranted until this Court resolves the upcoming dispositive motions." Defs. Mot., at 2. Those cases, however, do not go

so far. For example, the Court's opinion in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) does not even contain the word "stay" much less address whether one should be ordered. That case held that the pleading standards were not to be relaxed simply because the Court of Appeals had only allowed for "minimally intrusive discovery." The Court rejected the "careful-case-management approach" so that a Complaint that was not sufficiently pled should simply be dismissed. The opinion's discussion about discovery explained that "high-level officials" should be "neither deterred nor detracted from the vigorous performance of their duties." *Id*. at 686. Likewise, *Person v. Callahand*, 555 U.S. 223, 232 (2009) did not involve a motion to stay. That opinion explained that resolving immunity questions "at the earliest possibly stage in litigation" was of the utmost importance. The Court, quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987), stated that the "driving force behind the creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." In *Anderson*, however, the Court stressed the desire "to protect public officials from the 'broad-ranging discovery' that can be peculiarly disruptive of effective government." 483 U.S. at 640, n.2. Here, however, the Defendants are not high-level or public officials. And certainly this *Bivens* action does not threaten "effective government." The concerns raised by the Court are not present here.

Defendants also cite to *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In that case the Court stated that the trial court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." The Court noted that trial courts had many options at their disposal to allow for discovery even where the qualified immunity defense is raised. Specifically, the Court explained that Rule 26 allowed the trial judge broad discretion to tailor discovery narrowly and dictate the sequence of discovery giving "priority to discovery

concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible." *Id*. at 599-600.

In line with that discretion, the Defendants cite to a number of cases where courts stayed discovery as a result of the qualified immunity defense being raised. Other courts though have recognized that individual defendants that raise the qualified immunity defense may have knowledge of facts relevant to other issues, and therefore discovery should be permitted. *See S.D. v. St Johns County School Dist.*, No. 3:09-cv-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009); *Heine v. Rice*, No. 8:00CV2297-T-24TBM, 2001 WL 649109, at *1 (M.D. Fla. Apr. 6, 2001)

Here, aside from depositions, much of the discovery pertinent to this matter was and is in the possession of the Bureau of Prisons and was provided to the attorneys for the Defendants. For example, counsel for several Defendants have advised they are in possession of sign-in sheets, documentation pertaining to Mr. Gillians' medication, and body camera depicting Mr. Gillians while in the restraint chair, including video that depicts his medical distress. It appears that video and the other materials were provided to counsel by the Bureau of Prisons. Discovery of same would not deter from any of the Defendants' functions or otherwise burden any of the individual defendants. Likewise, limited discovery pertaining to the identification of witnesses, other potential defendants, and Mr. Gillians' medical condition would still allow for deference to the qualified immunity defense being raised by the Defendants, and would not impact their functions at all. Therefore, the stay requested by the Defendants should be denied in favor of a more limited approach to discovery until the Court issues a ruling on the dispositive motions.

Aside from the qualified immunity defense, Defendants also argue that a stay of discovery is warranted simply because they moved to dismiss the Amended Complaint. Defs. Mot., at 6. In

support, Defendants rely upon *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). In that case, the district court failed to rule on the defendant's motion to dismiss, which had been fully briefed, for over eighteen months. *Chudasama*, 123 F.3d at 1360. The defendant had moved to dismiss an "especially dubious" fraud claim. *Id*. at 1367-68. On appeal, the Court specifically noted "that even the most cursory review of the Chudasamas' shotgun complaint reveals that it contains a fraud count that is novel and of questionable validity," and that this fraud claim "dramatically enlarged the scope" of discovery in the case. *Id*. at 1368.

Beyond its failure to timely rule on the motion to dismiss, the district court also failed to rule on defendant's repeated objections to abusive discovery, ultimately entering an order compelling discovery and for sanctions against the defendant. *Id*. at 1356-60. On appeal, the Eleventh Circuit vacated the district court's order and even directed that the case be reassigned. *Id*. at 1374.

The Court's "primary concern in *Chudasama* was with the district court's delay and prolonging of the parties' discovery and costs unnecessarily. . . . This does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008). As many courts have recognized, "*Chudasama* does not stand for the proposition . . . that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss." *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015); *Miller's Ale House, Inc. v. DCCM Rest. Grp., LLC*, No. 615CV1109ORL22TBS, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015); *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014); *Jones v. Bank of Am. Corp.*, No. 4:08-CV-152 WLS, 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) ("Nothing in *Chudasama,* however, means

'discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss.'"); *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("Furthermore, there is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Holsapple v. Strong Indus., Inc.*, No. 2:12-CV-00355-UA-SPC, 2012 WL 3946792, at *2 (M.D. Fla. Sept. 10, 2012) ("*Chadsuma* [sic] does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss.").

### III. CONCLUSION

For the reasons set forth above, Defendants' motion should be denied. Allowing for limited discovery will allow for deference to the Defendants having raised qualified immunity in their motion to dismiss, while still allowing Plaintiff to obtain information about witnesses, prospective defendants, and Mr. Gillians' medical condition.

Respectfully submitted,

MICHAEL E. LEVINE
STEWART TILGHMAN FOX BIANCHI & CAIN, P.A.
Attorneys for Plaintiffs
One Southeast Third Avenue
Suite 3000
Miami, FL 33131
(305) 358-6644 – Telephone
(305) 358-4707 – Facsimile
mlevine@stfblaw.com
yparron@stfblaw.com

6

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission to the parties registered on the CM/ECF system on the date this document was filed with the Court.

  *PLEASE NOTE: For verification of the date of service, please check the docket entry for this document.*

        STEWART TILGHMAN FOX BIANCHI & CAIN, P.A.
        Attorneys for Plaintiffs
        One Southeast Third Avenue
        Suite 3000
        Miami, FL  33131
        (305) 358-6644 – Telephone
        (305) 358-4707 – Facsimile

    By: MICHAEL E. LEVINE
       Florida Bar No. 107363
       mlevine@stfblaw.com
       yparron@stfblaw.com

       MARK A. PEPER
       *Admitted Pro Hac Vice*

7