UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT CONYERS, JR.**, as Personal
Representative of the Estate of Davon
Gillians,

    Plaintiff,

v.                                      Case No: 5:22-cv-115-TPB-PRL

**BRYAN ANTONELLI, et al.**,

    Defendants.
_____

## ORDER

Before the Court is Defendants' Motion to Stay the Case Management Conference and Filing of the Case Management Report and All Discovery Pending a Qualified Immunity Ruling (Doc. 46; Motion to Stay). Each Defendant has filed a Motion to Dismiss arguing, *inter alia*, that they are entitled to qualified immunity. *See* Docs. 34-38, 40. In the Motion to Stay, Defendants argue that because they raise the qualified immunity defense, which should be resolved "at the earliest possible stage in litigation," they should not be compelled to participate in any discovery until the Court resolves the Motions to Dismiss. Motion to Stay at 3 (quotations and citation omitted). They further argue that "[e]ven beyond resolution of the qualified-immunity defenses, a stay of discovery is warranted," because if the Court grants the Motions to Dismiss in whole or in part, such ruling "could have a substantial impact on how this case proceeds." *Id.* at 6, 7.

In response, Plaintiff argues that "rather than stay discovery in its entirety, the Court should allow Plaintiff to conduct discovery relating to the identification of witnesses, other

potential defendants, and the Plaintiff's medical condition." Plaintiff's Response (Doc. 48; Response) at 2. Plaintiff further argues that "aside from depositions, much of the discovery pertinent to this matter was and is in the possession of the Bureau of Prisons and was provided to the attorneys for the Defendants." *Id.* at 4. "For example, counsel for several Defendants have advised they are in possession of sign-in sheets, documentation pertaining to Mr. Gillians' medication, and body camera depicting Mr. Gillians while in the restraint chair, including video that depicts his medical distress." *Id.* According to Plaintiff, discovery of this information and material, along with "limited discovery pertaining to the identification of witnesses, other potential defendants, and Mr. Gillians' medical condition would still allow for deference to the qualified immunity defense being raised by the Defendants, and would not impact their functions at all." *Id.*

"The defense of . . . qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quotations and citation omitted). Notably, the Civil Discovery Handbook for the Middle District of Florida expressly states that:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay

> discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a <u>specific showing of prejudice or undue burden</u>.

Middle District Discovery (2021) at Section I.E.4 (emphasis added).

Considering the evolving case law on *Bivens* issues along with the parties' arguments, it cannot be said that Defendants' motions to dismiss are "clearly meritorious" or "truly case dispositive" on their face.[1] *Feldman*, 176 F.R.D. at 653. However, the parties' arguments lead the Court to find good cause exists for a limited stay of discovery. This limited stay balances Defendants' assertion of qualified immunity, which may result in the claims against some or all Defendants being dismissed or limited, with Plaintiff's right to investigate his claims without delay. Additionally, allowing some limited discovery as suggested by Plaintiff will not prejudice or unduly burden Defendants. As such, Plaintiff may conduct limited discovery of the materials that counsel for Defendants already have in their possession, i.e., "sign-in sheets, documentation pertaining to Mr. Gillians' medication, and body camera depicting Mr. Gillians while in the restraint chair," as well as "limited discovery pertaining to the identification of witnesses, other potential defendants, and Mr. Gillians' medical condition."

Accordingly, Defendants' Motion to Stay the Case Management Conference and Filing of the Case Management Report and All Discovery Pending a Qualified Immunity Ruling (Doc. 46) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED to the extent** that with the exception of the limited discovery permitted herein, discovery is stayed pending a ruling on Defendants' Motions to Dismiss, and the parties are excused from

---

[1] The undersigned expresses no opinion on whether the Motions to Dismiss will ultimately be meritorious.

completing a case management report pending further order. The Motion is otherwise **DENIED**.

    **IT IS SO ORDERED.**

    **DONE AND ORDERED** at Ocala, Florida, this 12th day of April, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Counsel of Record