UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT CONYERS JR.,**
**as Personal Representative of**
**the Estate of DAVON GILLIANS,**
    Plaintiff,

v.                                            **Case No.: 5:22-CV-115-TPB-PRL**

**BRYAN ANTONELLI, et al.**
    Defendant.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO**
**REPORT AND RECOMMENDATION**

Defendants Antonelli, Ayers, Perkins, Morey, Kitchen, and Kirkendall (hereinafter, "Defendants"),[1] by and through undersigned counsel, oppose Plaintiff's Objection to Magistrate Judge Lammens' 18-page Report and Recommendation (the "Objection") that Plaintiff's Amended Complaint should be dismissed in its entirety for the reasons outlined below.

**I.    INTRODUCTION**

On February 28, 2022, Plaintiff brought a civil action against Defendants, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972), for alleged violations of the decedent's, Davon Gillians, Eighth Amendment rights. Plaintiff amended this

---

[1] Defendant Antonelli is filing a separate Response to Plaintiff's Objection to Report and Recommendation.

complaint on March 2, 2022 ("Amended Complaint") (Doc. 3), adding and removing certain named defendants.

Defendants filed respective Motions to Dismiss (Docs. 34, 35, 36, 37, 38, and 40). On July 20, 2023, U.S. Magistrate Judge Lammens issued a Report and Recommendation, finding that *Bivens* does not apply to the facts of the Amended Complaint, and that Defendants' Motions to Dismiss should be granted, dismissing the Amended Complaint in its entirety. Doc. 52. On August 3, 2023, Plaintiff filed the Objection to Report and Recommendation (Doc. 53), to which Defendants now respond.

## II. STANDARDS OF REVIEW FOR OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Objections to a magistrate judge's report and recommendation must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). For an objection to be considered by the district court, "[i]t is critical that the objection be sufficiently specific and not a general objection to the report." *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784 (11th Cir. 2006). "A specific objection must 'identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.'" *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016), quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989). "Frivolous, conclusive, or general objections need not be considered by the

district court." *Mardsen v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1998). "Failing to object to a report and recommendation with specificity and precision is grounds for overruling an objection." *Dawson v. United Insurance Co. of America*, 2021 U.S. Dist. LEXIS 11468, *3 (M.D. Fla., January 20, 2021), citing *Schultz*, 565 F.3d at 1361.

"Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a de novo review of that issue." *Macort*, *supra*, 208 Fed.Appx. at 784. "In the absence of specific objections, there is no requirement that findings be reviewed de novo." *United States v. Fredericks*, 2019 U.S. Dist. LEXIS 27208, *2 (M.D. Fla., February 12, 2019), citing *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). In that circumstance, the district court reviews the report and recommendation for clear error. *Macort*, *supra*, 208 Fed.Appx. at 784. "Legal conclusions are reviewed de novo even in the absence of an objection." *Fredericks*, supra, at *2.

### III. PLAINTIFF'S FIRST OBJECTION THAT THE AMENDED COMPLAINT STATED A COGNIZABLE CLAIM UNDER *BIVENS* IS LEGALLY AND FACTUALLY MERITLESS

The Report and Recommendation recommends that Defendants' respective Motions to Dismiss be granted and the Amended Complaint be dismissed in its entirety because Plaintiff fails to state a claim upon which relief may be granted, as *Bivens* does not extend to the allegations in the Amended Complaint. Doc. 52, at 18. Plaintiff's assertion that the Magistrate

3

Judge misinterpreted the Supreme Court's ruling in *Carlson v. Green*, 446 U.S. 14 (1980) presents a legal conclusion that the Court must review de novo.

The Supreme Court extended *Bivens* to a claim of deliberate indifference to an asthmatic inmate's medical needs in *Carlson*. There is no dispute that, of the three cases in which the Supreme Court has extended a *Bivens* remedy (*Bivens*, *Carlson*, and *Davis v. Passman*, 442 U.S. 228 (1979), only *Carlson* is relevant here as Plaintiff's allegations fall under the Eighth Amendment and *Bivens* and *Davis* address other constitutional amendments.

In the Amended Complaint, Plaintiff asserts various allegations against Defendants, including unsafe conditions, excessive force, and deliberate indifference to medical needs. The Report and Recommendation correctly provides that the Supreme Court has never recognized an implied cause of action under *Bivens* for unsafe conditions or excessive force. Doc. 52, at 10. Further, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) and "the Court has been reluctant to extend *Bivens* liability 'to any new context or new category of defendants.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal citations omitted). Accordingly, "[t]hese three cases— *Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Gilchrist v. United States*, No. 121CV00652LSCNAD, 2023 WL 4537004, at *4

(N.D. Ala. June 13, 2023), report and recommendation adopted, No. 121CV00652LSCNAD, 2023 WL 4534593 (N.D. Ala. July 13, 2023), quoting *Abbasi*, *supra*, at 1855.

The Report and Recommendation correctly asserts that Plaintiff's "alleged Eighth Amendment violations go well beyond a claim for deliberate indifference to medical needs and encompass allegations of unsafe conditions of confinement and excessive force." Doc. 52, at 10. In the Objection, Plaintiff asserts that, although the Amended Complaint includes allegations of excessive force and unsafe conditions, it does not fail to allege a claim for deliberate indifference to medical needs. Plaintiff further asserts that the allegations of unsafe confinement and excessive force contributed to the medical needs to which Defendants were indifferent and analogizes these facts to those in *Carlson*.

However, as the Report and Recommendation correctly provides, the facts alleged in the Amended Complaint meaningfully differ from those in *Carlson*. Doc. 52, at 12-13. In *Carlson*, the decedent suffered from a serious asthmatic condition and suffered from a serious asthma attack. In that case, knowing of the gross inadequacies of the medical facilities, prison officials undertook a number of actions against the advice of doctors that actively worsened the decedent's condition and ultimately led to his death. In the instant matter, although the decedent suffered from a medical condition, it is

5

not alleged that the decedent required any type of medical care before the alleged unsafe confinement and alleged excessive use of force occurred. Instead, Plaintiff alleges that the unsafe confinement and excessive use of force caused the sickle cell crisis that ultimately caused decedent's death.

Plaintiff asserts in the Objection that the cause of the medical need is not relevant to the analysis of extending a *Bivens* remedy. This is not so. The Supreme Court has held that "even a modest extension is still an extension." *Abbasi, supra*, at 1864. Certainly, the allegations in the present matter that Defendants caused a medical emergency and then were deliberately indifferent to that medical emergency is at least modestly different from the facts of *Carlson*, where the decedent suffered from an asthma attack and prison officials actively made the attack worse.

Accordingly, Plaintiff's allegations are meaningfully different from the facts of *Carlson*, and Plaintiff's allegations therefore arise under a new *Bivens* context, as the Magistrate Judge found.

### IV. PLAINTIFF'S SECOND OBJECTION THAT NO FACTORS COUNSEL HESITATION IN EXTENDING *BIVENS* TO THE NEW CONTEXT PRESENTED IN THE AMENDED COMPLAINT IS LEGALLY AND FACTUALLY MERITLESS

Because Plaintiff's allegations arise in a new *Bivens* context, the Court is required to consider whether special factors counsel against recognizing a new *Bivens* remedy. Plaintiff's assertion that alternative remedies to address

the allegations in the Complaint do not exist present a specific objection that the Court must review de novo.

Although the Report and Recommendation provides numerous special factors counseling hesitation of extending *Bivens*, Plaintiff specifically objects to the Magistrate Judge's conclusion that the Federal Tort Claims Act ("FTCA") is an alternative remedy to address Plaintiff's allegations in the Amended Complaint. It is not disputed that *Bivens* and the FTCA are distinct actions. However, Plaintiff's assertion that the FTCA is not an acceptable substitute to *Bivens* is not supported by case law.

Plaintiff misstates the Supreme Court's holding in *Carlson* in asserting that the Court set forth several reasons why the FTCA was not an acceptable substitute for a *Bivens* action. "[I]n *Carlson*, the Supreme Court noted that Congress had provided a remedy, under the Federal Tort Claims Act ("FTCA"), against the United States for the alleged wrong, while also observing that remedy was not as completely effective as a *Bivens*-type action based directly on the Constitution." *Andrews v. Miner*, 301 F. Supp. 3d 1128, 1134 (N.D. Ala. 2017) "While the FTCA remedy does not afford the same scope of damages as a *Bivens*-type action based directly on the Constitution, it remains an effective and available remedy." *Andrews v. Miner*, 301 F. Supp. 3d 1128, 1135 (N.D. Ala. 2017).

7

What is more, Plaintiff filed an FTCA claim against the Bureau of Prisons and is actively pursuing this alternative remedy.[2]

Accordingly, because the Amended Complaint presents allegations in a new *Bivens* context, and because special factors counsel hesitation against extending *Bivens* to a new context, including the existence of alternative remedies available to Plaintiff, the Amended Complaint should be dismissed.

## V.   QUALIFIED IMMUNITY

In the Report and Recommendation, the Magistrate Judge declined to address Defendants' respective arguments invoking qualified immunity. If this Court is not satisfied with the recommendation that the Amended Complaint be dismissed in its entirety based on the conclusion that this action is not viable under *Bivens*, Defendants reassert their claims of qualified immunity as provided in their respective Motions to Dismiss.

## VI.   INDIVIDUAL CAPACITY

"A Bivens claim cannot be brought against a federal employee in his or her official capacity." *Williams v. Cheatham*, 548 F. Supp. 3d 1174, 1178 (M.D. Fla. 2021). Plaintiff does little more than state that the claims alleged in the Amended Complaint are against Defendants in their individual capacities.

---

[2] This claim is still at the administrative phase.

In the Report and Recommendation, the Magistrate Judge recommended that the Plaintiff's statement in the response to the various Motions to Dismiss, that the claims are being brought against Defendants in their individual capacity, is sufficient to warrant denial of the Defendants' Motions to Dismiss on this ground.

Despite the Magistrate Judge's conclusion, Plaintiff alleges numerous customs or practices which the Defendants followed in the events leading up to the decedent's death. For example, in its Amended Complaint, Plaintiff alleged that "it was custom and/or practice at Coleman for officers to place inmates in particular cells for the purpose of inciting violence as a form of punishment." Doc. 3, at 3, ¶ 21. Plaintiff's citation to *Nails v. Coleman Low Federal Institute*, 307 F. App'x 296, 298 (11th Cir. 1998) is inapposite as *Nails* involved a pro se litigation whose pleadings are held to a less stringent standard. Allegations, such as those made by Plaintiff, concerning customs and/or practices, are made when seeking to extend liability for an individual official's actions to the governmental agency.

As a result, Defendants Morey, Antonelli, and Perkins, reassert their claims that the Plaintiff failed to state of cause of action under *Bivens* because Plaintiff sued them in their official capacity.

## VII. ALLEGATIONS AS TO DEFENDANT ANTONELLI

According to the Plaintiff's Amended Complaint, Defendant Antonelli had no personal involvement whatsoever in the conduct that allegedly violated the Eighth Amendment. Instead, the Plaintiff seeks to include Defendant Antonelli in this *Bivens* action based solely on his role as a warden at the facility where the decedent was incarcerated. Doc. 3 at 14-16. The deliberate indifference standard requires a plaintiff to allege facts that make it plausible that the defendant knew of a serious risk of harm but disregarded that risk by conduct that is more than gross negligence. *See*, *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010). The Eleventh Circuit has routinely underscored that this standard "is far more onerous than normal tort-based standards of conduct sounding in negligence, and is in fact akin to subjective recklessness as used in the criminal law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Because a deliberate indifference claim has a state-of-mind component, "[e]ach individual [d]efendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Id.*

Independent of *Abbasi* and its progeny, Plaintiff fails to state a sufficient claim of deliberate indifference as to Defendant Antonelli, who did not

personally participate in the alleged conduct that led up to the decedent's death. Plaintiff must show that Defendant Antonelli's conduct was somehow "causally related to the [alleged] constitutional violation committed by [his] subordinate[s]." *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). With regard to the existence of a causal connection between Defendant Antonelli's actions and the alleged violation of the decedent's constitutional rights, Plaintiff alleges nothing more than "legal conclusions," "[t]hreadbare recitals," and "mere conclusory statements." *See*, *Iqbal*, 556 U.S. at 678. Stated differently, Plaintiff has failed to allege a sufficient causal connection between Defendant Antonelli and the alleged actions of the other defendants.

Moreover, a supervisor, such as Defendant Antonelli, may not be held liable under *Bivens* on a theory of vicarious liability. *Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1860 (2017) ("[A] Bivens claim is brought against the individual official for his or her own acts, not the acts of others."); *see also*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable . . . for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability"), abrogated in part on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Therefore, Defendant Antonelli independently asks that the Court dismiss the Amended Complaint on this alternative ground in addition to the other grounds stated herein and in the Report and Recommendation.

**WHEREFORE**, for all these reasons, this Honorable Court should adopt Magistrate Judge Lammens' Report and Recommendation, grant Defendants' respective Motions to Dismiss, and dismiss the Amended Complaint in its entirety.

Dated: August 17, 2023                           Respectfully submitted,

                                          */s/ Todd Foster*
                                          **TODD FOSTER**
Florida Bar No.: 0325198
tfoster@tfosterlawgroup.com
**KEVIN DARKEN**
Florida Bar No.: 90956
kdarken@tfosterlawgroup.com
**MELISSA SNYDER**
Florida Bar No.: 1025759
msnyder@tfosterlawgroup.com
**TODD FOSTER LAW GROUP**
601 Bayshore Blvd., Suite 615
Tampa, FL 33606
Telephone: (813) 565-0600
*Attorneys for Defendant Kirkendall*

                                          */s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
*Attorney for Bryan Antonelli*

/s/ Ethan Andrew Way
**ETHAN ANDREW WAY, B.C.S.**
Florida Bar No.: 148199
Post Office Box 10017
Tallahassee, Florida 32302
Tel:   (850) 412-0142
Fax:   (888) 274-7988
Email: ethan@waylawfirm.com
*Attorney for David Ayers, IV*

/s/ Dan Eckhart
**DAN ECKHART, ESQ.**
Florida Bar No.: 488674
Dan Eckhart Law
200 E. Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-276-0500
Email: dan@daneckhartlaw.com
*Attorney for Defendant Perkins*

/s/ Joshua D. Zelman
**JOSHUA D. ZELMAN, B.C.S.**
Florida Bar No.: 0662291
1030 E. Lafayette Street, Suite 9
Tallahassee, Florida 32301
Phone: (850) 765-5948
Fax: (850) 999-4952
Josh@ZelmanPA.com
Eservice@ZelmanPA.com
*Attorney for Nicholas Morey*

13

*/s/ James Glober*
**JAMES GLOBER**
Florida Bar No.: 612359

*/s/ Bonnie Glober*
**BONNIE GLOBER**
Florida Bar No.: 748307
Glober+Glober, Attorneys, P.A.
422 Jacksonville Drive, Suite B
Jacksonville Beach, Florida 32250
904.633.9999
Fax 904.388.0968
jglober@globerlaw.com
bglober@globerlaw.com
*Attorney for Gregory Kitchen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2023, I filed the foregoing with the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Todd Foster*
**TODD FOSTER**